Ruffin, C. J.
 

 This Court differs from his Honor upon the construction of the will. As the case comes here, it is to be assumed, that the plaintiff proved the assent of the executor, and, therefore, that the only enquiry is as to the construction of the will. We entertain a decided opinion, that the testator intended his wife to have the
 
 *164
 
 slave for life. By the
 
 first
 
 clause a general gift
 
 of
 
 every thing, real and personal, is made to her daring life or widowhood, with an exception of what may be otherwise disposed of in that instrument. Afterwards, the testator gives to Logan W. two horses — “ as his property at my .decease,” and to his son Lawson a part of his land then .occupied by the devisee, and adjoining his own residence,.
 
 “
 
 to him and his heirs after my decease.” Then follows the clause in which
 
 David
 
 is disposed of, .-and which begins thus; “ At
 
 the decease of my wife
 
 I give to my son Gabriel, my man Stephen, and to Lawson my man Charles,.
 
 Also
 
 I give to my son Logan "W. all my land, except that given to Lawson ;
 
 and also
 
 my two boys Dick and David.” Upon this .clause by itsel'f, or rather construed together with the clause in favor of the wife in the beginning of -the will, (and without any regard to expressions in other parts of the instrument,) the son Logan W, could not take until the decease (or, at all events, the marriage) of •the wife. The grammatical construction establishes that position. For, after gifts, in the first part of the clause, .of two slaves to the sons of Gabriel and Lawson, limited .expressly to commence ‘'at the decease of my wife,” come, in the same clause, the two gifts to the son Logan W. the o,ne of land; which begins with the word, “
 
 also,”
 
 that is, “ in like manner :” the other, of negroes Dick and David, which begins with the words,
 
 “and also”
 
 that is again, in like manner ;” which clearly connect those .gifts to this son with those to the two others, as all hawing the same beginning, namely, at the death of the wife. But this is rendered yet more certain by the connexion between the two gifts to Logan W. himself. That of the land is unquestionably in remainder after the death or marriage of the mother. F.or, independent of the term
 
 “
 
 also,” which couples this gift with those to the tw.o ¿other sons, there is the decisiye circumstance, that the
 
 *165
 
 ¡land given to him includes the tract on which the testa-dor resided, which, as far as we can see, was all the testator had besides that given to Lawson ; and he had, in a previous part of his will, in a very particular manner directed, that this same son Logan W. should live with his mother on that farm, and manage it for her, receiving a compensation in part of the annual productions, when they might exceed the consumption of the mother’s fami]}\ Besides, unless the wife took that part of the land, she would get no real estate, notwithstanding the express gift of realty to her in the first elause : for, as has already been remarked, the testator had but the tract he and his son Lawson lived on, and the gift of the latter part was expressly to take effect at the testator’s death. It being clear, then, that the son Logan W. takes the land, only after the death of the mother, it follows, that the gift of the slaves to the same person, and connected with the gift ,o.f the land by the words “ and also,” is likewise in remainder after a previous life estate of the mother. Furthermore, this construction is enforced by the explicit manner, in which, when the testator means an immediate gift to his children, he so declares, in plain contrast to the gifts intended to take effect after the enjoyment of his wife. Thus, in the two clauses, preceding that on which this controversy arises, he gives Logan W. two horses, and Lawson land, each, “ at
 
 my
 
 decease •and in the clause next following it, the testator gives his daughter Polly, also, “ at
 
 my
 
 decease,” a sum to purchase a negro girl. Between those provisions, comes that under consideration, beginning with “ at
 
 my wife’s
 
 deceo.se,” and
 
 then
 
 giving a negro, each, to two sons ; “ also” the residue of his land to the son Logan W. “ and also,” Dick and David to the same son. Upon the whole will, therefore, the intention is quite clear, that the wife was to have an interest during life or widowhood, in the
 
 *166
 
 land and negroes given to the son Logan W. and the judgment must be reversed, and judgment given on the verdict for the plaintiff.
 

 I
 

 Pee Curiam. Judgment reversed and judgment for the plaintiff.